**LEWIS BRISBOIS BISGAARD & SMITH** LLP
BRIAN C. VANDERHOOF, SB# 248511
  E-Mail: Brian.Vanderhoof@lewisbrisbois.com
JONATHAN WON, SB# 293910
  E-Mail: Jonathan.Won@lewisbrisbois.com
45 Fremont Street, Suite 3000
San Francisco, California 94105
Telephone: 213.680.5064
Facsimile: 213.250.7900

Attorneys for Defendant FORD MOTOR COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM ESPINOZA GARCIA, an individual,<br><br>          Plaintiff,<br><br>   vs.<br><br>FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. **'23CV0409 BEN AHG**<br><br>**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL**<br><br>Superior Court Action: 37-2023-00003795-CU-BC-CTL<br><br>Trial Date:      None Set |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

   PLEASE TAKE NOTICE that Defendant Ford Motor Company ("Ford"), by its counsel LEWIS BRISBOIS BISGAARD & SMITH, LLP, hereby removes to this court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. 37-2023-00003795-CU-BC-CTL of the Superior Court of California, County of San Diego. In support of this removal, Ford states as follows:

/ / /

**THE REMOVED CASE**

1. The removed case is a civil action commenced in the Superior Court of California, County of San Diego by Plaintiff Abraham Espinoza Garcia against Ford, entitled *Abraham Espinoza Garcia v. Ford Motor Company, et al.* Case No. 37-2023-00003795-CU-BC-CTL (the "State Action"). The only named Defendant is Ford Motor Company ("Ford").

2. Plaintiff filed the State Action on January 27, 2023, asserting breach of warranty allegations against Ford.

**PROCEDURAL REQUIREMENTS**

3. Ford has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Ford was served with a copy of the Complaint on February 1, 2023. This Notice of Removal is therefore timely filed.

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Ford's possession are contained in **Exhibit 1** to the Declaration of Jonathan Won ("Won Decl.") filed herewith.

5. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Southern District of California because this district embraces the place in which the removed action has been pending.

6. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of San Diego promptly after filing of same in this Court.

7. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

8. Consistent with Congress' intent that parties may amend allegations of jurisdiction if they are questioned, *see* 28 U.S.C. § 1653, this Court should not *sua sponte* remand this action, *see Shockley v. Jones*, 823 F.2d 1068, 1072–73 (7th Cir. 1987) ("This court has noted that *sua sponte* dismissals without prior notice or

opportunity to be heard are 'hazardous' …. A dismissal under Rule 12(b)(1) without notice or a hearing is similarly suspect."). Thus, if any question arises as to the propriety of this removal, Ford requests the opportunity to amend its notice of removal following any necessary discovery, briefing, and oral argument.

9. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), (viii) the right to arbitrate this controversy, or (ix) any other procedural or substantive defense available under state or federal law.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

10. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

11. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

12. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is

challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

13. Ford disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, Ford can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id*.

14. In the case at bar, the Plaintiff seeks both rescission of the subject vehicle and monetary relief. This is a consumer warranty action involving allegations that Ford's vehicle did not perform as warranted. Plaintiff alleges breach of express and implied warranties under the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 et seq.) (Compl. ¶¶ 16-57).

15. Plaintiff alleges that on November 9, 2017, he purchased a 2017 Ford F-250, and that the vehicle had "serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty…" which "substantially impair the use, value, and/or safety of the vehicle." (Compl. ¶¶ 8, 18-22).

16. Plaintiff alleges that he is entitled to relief under the Song-Beverly Act including: general, special, and actual damages, rescission of the purchase contract and restitution of all monies expended, diminution in value, incidental and consequential damages, a civil penalty in the amount of two times Plaintiff's actual damages, prejudgment interest, attorney's fees and costs, and other relief that the Court deems just and proper. (Compl. at Prayer for Relief; Compl. ¶¶ 26-30, 40-43, 52-57).

17. Civil penalties under the Song-Beverly Act are properly included in the calculation. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). The amount in controversy also includes reasonable estimates of attorney's fees. *Id*. at 1011; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

18. The Song-Beverly Act allows for the recovery of attorney's fees, which regularly exceed $75,000 when litigated through trial. (Declaration of Brian Vanderhoof "Vanderhoof Decl.", ¶ 5, filed concurrently herewith).

19. If Plaintiff were to prevail on his Song-Beverly claims, he could be awarded damages of $75,000 or more if awarded statutory civil penalties. Even before taking attorneys' fees into account, the suggested retail price of $69,125.00, plus $138,250.00 as a two-times civil penalty pursuant to the Song-Beverly Act, totals $207,375.00. (Declaration of Jonathan Won "Won Decl." ¶ 7). Moreover, the amount in controversy is satisfied even if the Court were to consider the mileage off-set allowed by Song-Beverly. Ford is aware that the subject vehicle was first presented for a warranty repair by Plaintiff at 16,934 miles. (Won Decl. ¶ 11, **Exhibit 4**). If the trier of fact were to determine that the first warranty repair for the problem that rendered the subject vehicle an alleged lemon was at 16,934 miles, based on the suggested retail price, the mileage off-set would be $9,754.68 resulting in a buyback amount of $59,370.32 plus a potential civil penalty of no more than $118,740.64 for a total amount in controversy of $178,110.96. Even if the trier of fact determined that the last warranty repair attempt at 43,577 miles was the appropriate mileage calculation, the mileage off-set would be $25,102.16 resulting in a buyback amount of $44,022.84 plus a potential civil penalty of no more than $88,045.68 for a total amount in controversy of $132,068.52.

20. Thus, the total amount in controversy far exceeds $75,000 even before adding Plaintiff's claim for statutory attorneys' fees or prejudgment interest. The amount in controversy requirement is satisfied.

# DIVERSITY OF CITIZENSHIP EXISTS

**A. Plaintiff and Ford are diverse.**

21. Plaintiff is, and was at the time of filing of the Complaint, a citizen of California.

22. Ford is, and was at the time Plaintiff commenced this action, a corporation incorporated in and organized under the laws of the State of Delaware with its principal place of business in Michigan. This Court can take judicial notice of these facts. *See* Excerpt from Ford's 2017 Form 10-K filing, **Exhibit 3** to Won Decl.; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

23. For the reasons stated above, there is diversity of citizenship between Plaintiff, who is a California citizen, and Ford, a citizen of Michigan and Delaware.

# CONCLUSION

Consequently, the State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of California, (ii) the action is solely between properly joined citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

DATED:  March 3, 2023

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  */s/ Jonathan Won*
BRIAN C. VANDERHOOF
JONATHAN WON
Attorneys for Defendant FORD MOTOR COMPANY

**FEDERAL COURT PROOF OF SERVICE**
ABRAHAM ESPINOZA GARCIA v. FORD MOTOR COMPANY
Case No.

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On March 3, 2023, I served the following document(s): DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Kevin Y. Jacobson, Esq.            ATTORNEYS FOR PLAINTIFF
Camran Pakbaz, Esq.
QUILL & ARROW, LLP
10900 Wilshire Boulevard, Suite 300
Los Angeles, CA 90024
Tel: (310) 933-4271
Fax: (310) 889-0645
kjacobson@quillarrowlaw.com
e-service@quillarrowlaw.com
cpakbaz@quillarrowlaw.com

The documents were served by the following means:

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on March 3, 2023, at Los Angeles, California.

                                        /s/ Tammi L. Jones
                                        TAMMI L. JONES

1
DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL